IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WESTERN HERITAGE INSURANCE :
COMPANY,
    Plaintiff :
     :
    vs.                       CIVIL NO. 1:CV-10-0476
     :
HARRY J. DARRAH, JR., t/a DARRAH'S :
AUTOMOTIVE AND RECYCLING,
ESTATE OF HARRY J. DARRAH., JR., :
DECEASED,
NEIL ALBERT, ESQ., as Administrator of :
the ESTATE OF HARRY J. DARRAH,
JR., Deceased, :
JOSEPH STINE,
    Defendants :

*M E M O R A N D U M*

I. *Introduction*

    This is a diversity action controlled by Pennsylvania law. Plaintiff, Western Heritage Insurance Company, seeks a declaratory judgment that it has no duty to defend and indemnify defendants, the administrator of the Estate of Harry J. Darrah, Jr., and Harry J. Darrah, Jr. t/a Darrah's Automotive and Recycling, in a civil suit in the Court of Common Pleas of York County, Pennsylvania. The plaintiff in that action, Joseph Stine, sued to recover for serious personal injuries he suffered while working on premises controlled by the "Darrah Defendants."[1]

    Western Heritage has filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The plaintiff insurer contends it has no duty to

---

[1] The "Darrah Defendants," as Stine defined them in his complaint, are members of the Darrah family and businesses they operated at the premises. The Darrah Defendants include Harry J. Darrah, Jr., deceased, and Harry J. Darrah, Jr. t/a Darrah's Automotive and Recycling. The administrator of the Estate of Harry J. Darrah, Jr. was named as a defendant in that action.

defend or indemnify the Estate of Harry J. Darrah, Jr., or Harry J. Darrah, Jr. t/a Darrah's Automotive and Recycling for the following reasons. First, Darrah's Automotive and Recycling is the named insured on the policy, and the policy excludes coverage for injuries to employees of the named insured under the employer's liability exclusion. Second, the policy does not cover Darrah in his individual capacity. Third, the policy limits coverage to auto dismantling and recycling operations, and Stine alleged that his injuries occurred while he was repairing a vehicle in the repair/body shop.

We agree with Plaintiff's third reason and will therefore grant declaratory relief.

II.     *Standard of Review*

Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." To be successful on a Rule 12(c) motion, the moving party must establish that "'no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *Rosenau v. Unifund Corp.,* 539 F.3d 218, 221 (3d Cir. 2008)(quoted case omitted). "'[W]e must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.'" *Id.* (quoted case omitted)(brackets added).

The amended complaint in the underlying state-court action is part of the pleadings because it is attached to Western Heritage's complaint as an exhibit. *See* Fed. R. Civ. P. 10(c). *See also Churchill v. Star Enterprises*, 183 F.3d 184, 190 n.5 (3d Cir. 1999). In any event, as a public record, it may be considered on a Rule 12(c)

motion. *Id.*; *Sutton v. Royal Chevrolet-Oldsmobile-Pontiac-Buick, Inc.*, No. 03-1825, 2004 WL 90071, at *3 n.3 (E.D. Pa. Jan. 15, 2004).

III.     *Background*

    A.     *The Pertinent Policy Language*

The Western Heritage policy is a commercial general liability insurance policy providing coverage for bodily injury or property damage "that the insured becomes legally obligated to pay as damages." (Doc. 1-4, Compl., Ex. B, the Western Heritage policy, CM/ECF p. 14).[2] The Declarations page lists as the "Named Insured" "Harry J. Darrah, Jr t/a Darrah's Automotive and Recy[c]ling" with an address at 535 Prospect Street, York, Pennsylvania. (*Id.*, CM/ECF p. 3). The policy period ran from May 9, 2004, to May 9, 2005. (*Id.*).

Item 4 on the Declarations page includes a description of the business as "Auto Sales/Salvage & Repair Garage." However, an endorsement, effective August 8, 2004, amended that description to "Auto Dismantling and Recycling Operations."[3] The endorsement is entitled "Limitation of Coverage to Designated Premises or Project." Underneath this title, the endorsement reads: "This endorsement modifies insurance provided under the following: Commercial General Liability Coverage Part." Below this language is the title "Schedule" and two boxes, one for listing "Premises" and the other for listing a "Project." The "Premises" box is empty. The "Project" box reads: "Auto Dismantling and Recycling Operation." Underneath the boxes, the endorsement

---

    [2]     Citations to the record are to the pages assigned by the electronic case management system.

    [3]     A previous endorsement on the same date limited coverage to auto dismantling only.

3

reads: "If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement." The endorsement then provides:

> This insurance applies only to "bodily injury", "property damage" . . . and medical expenses arising out of:
>
> 1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or
>
> 2. The project shown in the Schedule.

(*Id.*, CM/ECF p. 9).

### B. *The State-Court Action*

In his state-court action, Stine alleges the following. Harry J. Darrah, Jr, along with family members, traded and did business as several business entities, the "Darrah Defendants." (Doc. 1-3, Ex. A, state-court complaint ¶ 31, CM/ECF p. 8). These business entities owned, controlled, maintained, co-owned, and/or possessed the premises located at 535-547 E. Prospect Street, York, Pennsylvania. (*Id.*). The premises included a repair/body shop. (*Id.* ¶¶ 43-44, CM/ECF p. 10). Stine alleges he was an employee of Darrah's Automotive and Recycling, Inc. "and was on the Darrah Defendants' premises for purposes of his employment, and was a business visitor/business invitee on the premises." (*Id.* ¶ 33, CM/ECF p. 9).[4]

The complaint further alleges:

---

[4] A reading of the complaint shows that Darrah's Automotive and Recycling, Inc. is not listed as one of the "Darrah Defendants." As noted, the named insured on the policy is "Harry J. Darrah, Jr. t/a Darrah's Automotive and Recycling," without the corporate designation. The premise of plaintiff Western Heritage's first argument, that Stine is suing his employer and hence the employer liability exclusion applies, is that the named insured and the corporation are the same entity. There is some Pennsylvania authority that might have been helpful on this first argument, *see Carpenter v. Federal Ins. Co.*, 432 Pa. Super. 111, 117, 637 A.2d 1008, 1011 (1994), but because the scope of coverage based on the premises/project endorsement is dispositive of this lawsuit, we need not address the issue.

> 60. On November 26, 2004, the Darrah Defendants provided Plaintiff with a droplight that was not safe for use in an automobile repair/body shop.
>
> . . . .
>
> 65. On November 26, 2004, Plaintiff . . . was working as a mechanic in the repair/body shop on the Darrah Defendants' premises.
>
> 66. At all times relevant hereto, Plaintiff was required by virtue of hie employment to be working in the repair/body shop and using the equipment supplied by Defendants, including the subject Droplight.
>
> 67. On November 26, 2004, Plaintiff . . . was working on repairing a vehicle in the repair/body shop at the Darrah Defendants' premises, and was using the droplight to illuminate the area of his work.
>
> 68. On November 26, 2004, Plaintiff's co-worker cleared a vehicle's fuel line with a compressed air hose causing the contents of the vehicle's fuel line to spray on the droplight and break the droplight's bulb, igniting gasoline around Plaintiff.

(*Id.* ¶¶ 60, 65-68, CM/ECF pp. 11-12). As a result, Plaintiff suffered severe injuries, including burns, scarring and disfigurement. (*Id.* ¶¶ 74-75, CM/ECF pp. 12-13). Stine alleges that the Darrah Defendants were negligent in their maintenance and control of the premises and in giving him the droplight to work with.[5]

IV.     *Discussion*

    A.     *The Duty to Defend*

In Pennsylvania, "an insurer's duty to defend and indemnify" its insured is "determined solely from the language of the complaint against the insured." *Kvaerner Metals Div. v. Commercial Union Ins. Co.*, 589 Pa. 317, 331, 908 A.2d 888, 896

---

[5] Stine also names as defendants the manufacturer and suppliers of the droplight.

(2006). *See also Nationwide Mut. Ins. Co. v. CPB Int'l, Inc.*, 562 F.3d 591, 595-96 (3d Cir. 2009)(quoting *Kvaerner*). "[T]he duty to defend is separate and broader than the duty to indemnify . . . ." *Kvaerner*, 589 Pa. at 330 n.7, 908 A.2d at 896 n.7.[6] Thus, if there is no duty to defend, there is no duty to indemnify. *Id.* "'In determining the existence of a duty to defend, the factual allegations of the underlying complaint against the insured are to be taken as true and liberally construed in favor of the insured.'" *Nationwide Mut. Ins. Co., supra*, 562 F.3d at 595-96 (quoted case omitted).

To determine whether an insurer has a duty to defend, we engage in a two-step process. First, we look at the language of the policy "to determine in which instances [it] will provide coverage." *Kvaerner*, 589 Pa. at 331, 908 A.2d at 896-97. Any ambiguity in the policy language is resolved against the insurer and in favor of the insured. *Id.* at 331, 908 A.2d at 897. Second, we examine the complaint in the underlying action "to determine whether the allegations set forth therein constitute the type of instances that will trigger coverage." *Id.* at 331, 908 A.2d at 896-97.

    B.    *The Claim Falls Outside the Scope of Coverage Because Stine Alleges He Was Injured While Repairing a Vehicle in the Repair/Body Shop and Coverage Is Limited to Auto Dismantling and Recycling Operations*

Western Heritage contends that Stine's claim falls outside the scope of coverage because the premises/project endorsement limits coverage to the auto dismantling and recycling operations only, and Stine alleges that he was injured while repairing a vehicle in the repair/body shop. We agree. It is apparent from the policy

---

[6] "[T]he duty to defend arises whenever the complaint filed by the injured party may fall within the scope of the policy's coverage, [but] the duty to indemnify is more limited because it arises only if it is established that the insured's damages are actually covered by the terms of the policy." *Allstate Ins. Co. v. Drumheller*, 185 F. App'x 152, 154 n.2 (3d Cir. 2006)(nonprecedential).

6

language and the allegations of Stine's complaint that his claim falls outside the Great Western coverage.

Defendants, Stine, the administrator of the Estate of Harry J. Darrah, Jr., and Harry J. Darrah, Jr. t/a Darrah's Automotive and Recycling, make two opposing arguments.  First, they argue this conclusion is contrary to the language of the premises/project endorsement.  In their view, the endorsement provides coverage for Stine's lawsuit because it provides coverage for the premises where his injuries occurred by adopting those premises as the premises covered.  They rely on the language of the endorsement providing that when "no entry appears above," i.e., in the box or boxes, "information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement."  Since the premises box is empty, the defendants argue the premises listed on the Declarations page are the premises covered.  Stine avers that his injury occurred at these premises.  Hence Great Western must provide a defense and indemnity.

We reject this argument.  The endorsement is entitled in the disjunctive, limiting coverage to designated premises or a project, and providing boxes to describe the premises or the project.  The endorsement incorporates the information on the Declarations page only when "no entry appears above" in the boxes.  But as plaintiff Great Western notes, an entry does appear above, in the project box, and we reject the position that an empty premises box by itself means coverage is provided for premises listed in the Declarations page.  Rather, since the project box contains a description of the activity covered, the endorsement limits coverage to the project described, the "project shown in the Schedule," the auto dismantling and recycling operation.

The defendants' second argument is that Stine's complaint alleges that the Darrah Defendants operated businesses involving the dismantling of cars, and the recycling and salvage of auto parts, as well as auto repair. They thus contend "there is at least a question of fact as to whether Mr. Stine was engaged in just the repair of a vehicle or whether his work . . . was also performed in the context of removing parts from the vehicle for the purposes of salvage or recycling." (Doc. 24, Stine's Opp'n Br. at p. 17). We reject this argument. As Plaintiff observes, we must look to the allegations of the underlying complaint, and these plainly allege that the injuries occurred in the repair/body shop while Stine was repairing a vehicle. There are no additional allegations concerning involvement of the part of the businesses dealing with auto dismantling and recycling.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 17, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WESTERN HERITAGE INSURANCE :
COMPANY,
    Plaintiff :

     :
    vs.         CIVIL NO. 1:CV-10-0476
     :

HARRY J. DARRAH, JR., t/a DARRAH'S :
AUTOMOTIVE AND RECYCLING,
ESTATE OF HARRY J. DARRAH., JR., :
DECEASED,
NEIL ALBERT, ESQ., as Administrator of :
the ESTATE OF HARRY J. DARRAH,
JR., Deceased, :
JOSEPH STINE,
    Defendants :

*O R D E R*

    AND NOW, this 17th day of November, 2010, it is ordered that:

    1. Plaintiff, Western Heritage Insurance Company's, motion for judgment on the pleadings (doc. 23) is granted.

    2. It is hereby declared that Plaintiff, Western Heritage Insurance Company, has no duty to defend or indemnify the representative of the Estate of Harry J. Darrah, Jr., and Harry J. Darrah, Jr. t/a Darrah's Automotive and Recycling in *Stine v. Balkamp, Inc.*, et al., in the suit pending against them in the Court of Common Pleas of York County, Pennsylvania, docketed at 2006 SU 3976 Y01.

    3. The Clerk of Court shall close this file.

                      /s/William W. Caldwell
                      William W. Caldwell
                      United States District Judge